UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| U.S. TRANSPORT FREIGHT SYSTEMS, INC., ET AL | CIVIL ACTION NO. 08-cv-1649 |
| VERSUS | JUDGE WALTER |
| PREFERRED MATERIALS, INC., ET AL | MAGISTRATE JUDGE HORNSBY |

**REPORT AND RECOMMENDATION**

U. S. Transport Freight Systems, Inc. and L. O. Transportation, Inc. ("Plaintiffs") filed this civil action in an Alabama state court against Preferred Materials, Inc. and Kerry Bryce. Plaintiffs allege breach of contract and business-related torts arising from an agreement related to the loading, trucking, and storing of shipments of goods that originated in Minden, Louisiana. Defendants removed the case to an Alabama federal court, and that court granted a defense motion to transfer venue to this court.

Plaintiffs were represented by an Alabama attorney who is not a member of the bar of this court. The attorney, upon the case being transferred here, filed a motion to withdraw from the case. At the request of the court, counsel filed an amended motion that provided current addresses and the name of a contact person for each of his corporate clients. Counsel certified that a copy of his motion to withdraw was served on his clients by certified mail.

The court granted the motion to withdraw, as amended. The order granting the motion advised Plaintiffs that they, as corporations, must be represented by counsel. Plaintiffs were

permitted until December 15, 2008 to enroll new counsel. They were warned that if they did not do so, "the complaint may be dismissed for failure to prosecute." Doc. 20. A copy of the order was mailed to each of the Plaintiffs at the address provided by their attorney.

The December 15, 2008 deadline passed without the enrollment of counsel or any other communication from Plaintiffs. The court issued a second order and stated that before the court "takes the harsh step of dismissal, which could forever foreclose Plaintiffs from pursuing their claims," the court would give Plaintiffs one more opportunity to enroll counsel. A new deadline of January 12, 2009 was set. Plaintiffs were again warned that if they did not enroll counsel, "the complaint will be subject to dismissal for failure to prosecute, without further notice." That second deadline has now passed. Plaintiffs have not enrolled new counsel, and neither a representative of Plaintiffs nor any attorney has contacted the court regarding this issue.

Plaintiffs represent in their pleadings that they are Alabama corporations. Almost all courts have held that federal law "does not allow corporations, partnerships, or associations to appear in federal court otherwise than through a licensed attorney." Rowland v. California Men's Colony, 113 S.Ct. 716, 721 (1993). The Fifth Circuit has long followed the rule that corporations, partnerships or other "fictional legal persons" cannot appear for themselves personally but must be represented by licensed counsel. Southwest Express Co. v. Interstate Commerce Commission, 670 F.2d 53, 55 (5th Cir. 1982). See also Memon v. Allied Domecq

Qsr, 385 F.3d 871, 873 (5th Cir. 2004); U.S. v. Trowbridge, 251 F.3d 157 (5th Cir. 2001); and KMA, Inc. v. General Motors Acceptance Corp., 652 F.2d 398, 399 (5th Cir. 1981).

The plaintiff corporations are not represented by counsel, and they have not enrolled counsel despite ample notice of that requirement and reasonable opportunity to do so. Plaintiffs have also failed to communicate to the court any request for extension of time or other indication of their intent to prosecute this case. The court is unable to move forward with this litigation without the participation of Plaintiffs. Under these circumstances, dismissal without prejudice for failure to prosecute is warranted.

Accordingly;

**IT IS RECOMMENDED** that this civil action be **dismissed without prejudice** for failure to prosecute.

**Objections**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 10 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See <u>Douglass v. U.S.A.A.</u>, 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 16th day of January, 2009.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE